Jared Lefkowitz, Esq. (JL 6920)
250 Park Avenue, Suite 2020
New York, NY 10177
Tel (212) 682-1440
Fax (917) 591-8991
Email: JML@JMLefkowitzLaw.com
Attorney for Plaintiff Virginia Henry

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
VIRGINIA HENRY,                                              Case No. 11 cv 1234

          Plaintiff,

  - against -

                                            **COMPLAINT**

BANK OF AMERICA and
MICHAEL RADEST,
                                            JURY TRIAL DEMANDED

          Defendants.
-----------------------------------------------------------X

       Plaintiff Virginia Henry, by and through her counsel Jared Lefkowitz, Esq., as and for her Complaint against the above named defendant, alleges as follows:

       1. This action is brought under Title VII of the Civil Rights Act of 1964, 42 USC §2000e *et seq.*, The Age Discrimination in Employment Act, 29 USC §621, *et seq.*, the New York State Human Rights Law, §290 *et seq.*, and the New York City Administrative Code §8-101 *et seq.*, to recover for discrimination based upon plaintiff's race and age.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff Virginia Henry resides at 37 Chester Lane, Nanuet, NY 10954, and she is a member of a "protected class" in that she is black and she is 59 years old.

3. Upon information and belief defendant Bank of America is a corporation authorized to do business in the State of New York, with a business address at One Bryant Park, New York, NY 10036.

4. Defendant Michael Radest is a senior officer at Bank of America, with hiring, firing, and other decision making authority.

5. Radest was plaintiff's supervisor at Bank of America and made the decision to unlawfully terminate plaintiff's employment, and had the authority and in fact did exercise the authority to carry out that decision.

6. This Court has subject mater jurisdiction based upon Title VII of the Civil Rights Act of 1964, 42 USC §2000e et seq., The Age Discrimination in Employment Act, 29 USC §621, *et seq.,* and supplemental jurisdiction pursuant to 28 USC §1367. Venue is proper in that defendant resides in the Southern District of New York.

7. Plaintiff filed a claim with the EEOC on or about June 5, 2009, and received a right to sue letter from the EEOC on or about February 3, 2011.

## FACTS APPLICABLE TO ALL COUNTS

8. In November 2004 plaintiff began working as an administrative assistant at Merrill Lynch.

9. In or about February 2009, in connection with the acquisition/merger of defendant Bank of America and Merrill Lynch, plaintiff relocated her job location to Bank of America's offices at Bryant Park, and formally became a Bank of America Employee.

10. Prior to her relocation, plaintiff's predecessor in the new position trained plaintiff for three days.

11. Plaintiff's job duties and responsibilities as an administrative assistant after her relocation to Bank of America were substantially identical to those at Merrill Lynch.

12. Plaintiff was qualified for the position at Bank of America and at all times performed her duties well.

13. Shortly after plaintiff began working at Bank of America, plaintiff learned that the reason given to plaintiff's predecessor for the predecessor's termination was that the position had been eliminated.

14. Plaintiff knew that reason given for the termination of plaintiff's predecessor was false, inasmuch as plaintiff had filled the exact same position with the

exact same job duties and responsibilities.

15. On April 15, 2009 plaintiff went on vacation, and returned to work on April 23, 2009.

16. Upon her return, plaintiff noticed in defendant Michael Radest's calendar that he had scheduled two interviews on April 16, 2009, while plaintiff was out of the office on vacation, seeking to hire new administrative assistants.

17. In fact, plaintiff had even earlier noticed that Radest had scheduled interviews with potential administrative assistants, but plaintiff was unaware that the interviews were for employees to replace her.

18. On May 1, 2009 plaintiff was terminated from her position and the reason given to plaintiff for her termination was that her position had been eliminated.

19. Following her termination, plaintiff learned that the position had not been eliminated and that plaintiff had been replaced with a younger white female.

20. For the foregoing reasons, defendant willfully, knowingly, and intentionally discriminated against plaintiff in terms of her conditions of employment due to her age and race.

## FIRST COUNT

21.  For the reasons alleged above, defendant Bank of America discriminated against plaintiff in violation of Title VII of the Civil Rights Act of 1964, 42 USC §2000e et seq., and The Age Discrimination in Employment Act, 29 USC §621, *et seq.*

22.  Plaintiff seeks damages in excess of $500,000, including but not limited to back pay, future pay, raises, bonuses, gratuities, other benefits she would have received, liquidated and punitive damages to be determined, costs, attorneys fees, and any other damages available under the statute(s).

## SECOND COUNT

23.  For the reasons alleged above, all of the defendants discriminated against plaintiff in violation of New York State Human Rights Law §290 *et seq*.

24.  Plaintiff seeks damages in excess of $500,000, including but not limited to back pay, future pay, raises, bonuses, gratuities, other benefits she would have received, liquidated and punitive damages to be determined, costs, attorneys fees, and any other damages available under the statute(s).

## THIRD COUNT

25. For the reasons alleged, all of the defendants discriminated against plaintiff in violation of the New York City Administrative Code §8-101 *et seq*.

26. Plaintiff seeks damages in excess of $500,000, including but not limited to back pay, future pay, raises, bonuses, gratuities, other benefits she would have received, liquidated and punitive damages to be determined, costs, attorneys fees, and any other damages available under the statute(s).

## FOURTH COUNT

27. For the reasons alleged above, plaintiff has suffered damages for intentional and/or negligent infliction of emotional distress, in an amount to be determined at trial.

**WHEREFORE**, plaintiff demands judgment as follows:

A. On the first count, damages in excess of $500,000;

B. On the second count, damages in excess of $500,000;

C. On the third count, damages in excess of $500,000;

D. On the fourth count, damages in an amount to be determined at trial; and

  E. Such other and further relief as this Court deems just and proper.


Dated: New York, New York
    February 22, 2011

              _____/S/_____
               Jared Lefkowitz, Esq. (JL 6920)
               250 Park Avenue, Suite 2020
               New York, NY 10177
               Tel (212) 682-1440
               Fax (917) 591-8991
               Email: JML@JMLefkowitzLaw.com
               *Attorney for Plaintiff*